SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DARALL J. WATSON            )
2806 Pomeroy Road, SE       )
Washington, D.C. 20002      )
    PLAINTIFF          )
                            )
    v.                 )
                            )
WASHINGTON METROPOLITAN     )
AREA TRANSIT AUTHORITY      )
                            )
  Serve: Susan Serrian, Esquire )
  Washington Metropolitan Area )
  Transit Authority         )
  600 Fifth Street, NW      )
  Washington, D.C. 20001    )
                            )
    AND                )
                            )
JOHNNY PHILLIPS             )
2623 Southern Avenue        )
Apartment #302              )
Temple Hills, MD 20748      )
                            )
    DEFENDANTS         )

## COMPLAINT
(Negligence)

1. Jurisdiction for this Complaint is founded upon District of Columbia Code Title 11, Section 921 (2001 Ed.)

2. The events that form the basis of this Complaint occurred on or about October 5, 2005 in the District of Columbia.

## PARTIES

3. The plaintiff, Darral Watson (plaintiff) is a resident of the District of Columbia and resided within the District of Columbia at all times material to the subject matter of this complaint.

4. Defendant Washington Metropolitan Transit Authority (WMATA) is a quasi-governmental entity created by interstate compact among the Commonwealth of Virginia, the State of Maryland and the District of Columbia doing business in the District of Columbia at all times material to the subject matter of this complaint.

5. Defendant Johnny Phillips (Phillips) is a resident of the State of Maryland.

## FACTUAL BASIS FOR CLAIM FOR RELIEF

6. On or about October 5, 2005 at approximately 12:30 p.m., plaintiff boarded a bus owned or leased by WMATA and operated by Jerome Young, an agent, servant or employee of WMATA.

7. Plaintiff paid bus fare then asked the bus driver, Jerome Young, to assist him by identifying the WMATA bus stop closest to plaintiff's destination.

8. At about 12:30 p.m., the bus driver, Jerome Young, indicated that plaintiff's destination was directly across Minnesota Avenue, stopped the bus to discharge plaintiff and remained stopped while plaintiff crossed in front of the bus.

9. As plaintiff crossed beyond the bus, an automobile driven by defendant Johnny Phillips collided with plaintiff and said collision resulted in injury to plaintiff.

## COUNT I: NEGLIGENCE OF DEFENDANT WMATA

10. The plaintiff incorporates by reference paragraphs numbered one (1) through nine (9), inclusive, of this complaint, as though each of said paragraphs were repeated herein in their respective entirety.

11. Plaintiff asserts that the collision was proximately caused by the negligence of the Defendant WMATA, by and through its agent, servant, or employee, and that no act of omission by the Plaintiff contributed to the cause of the collision.

12. Defendant WMATA failed to pay full time and attention to the traffic operating around the vehicle he drove at the time of the events described herein and above and said failure proximately caused the collision.

13. As a direct and proximate result of Defendant WMATA's negligence described herein above, plaintiff suffered grievous injury to his person and has sought and obtained medical, therapeutic, and other health care treatment to remedy the injuries plaintiff sustained in the collision and will in the future require similar medical care, therapeutic, and other health care treatment to remedy said injuries and alleviate the pain attendant to said injuries suffered by plaintiff as a result of the collision.

14. The plaintiff continues to endure pain and limitations of motion and activity because of the injuries that plaintiff suffered as a direct result of the collision.

15. As a direct and proximate result of Defendant WMATA's negligence described herein above, the plaintiff was unable to engage in his chosen vocation immediately following the collision. Plaintiff, therefore, incurred a loss of wages due to his inability to work following the collision.

## COUNT II: NEGLIGENCE OF DEFENDANT PHILLIPS

16. The plaintiff incorporates by reference paragraphs numbered one (1) through nine (9), inclusive, of this complaint, as though each of said paragraphs were repeated herein in their respective entirety.

17. Plaintiff asserts that the collision was proximately caused by the negligence of the Defendant Phillips and that no act of omission by the Plaintiff contributed to the cause of the collision.

18. Defendant Phillips failed to pay full time and attention to the operation of the vehicle he drove at the time of the events described herein and above and said failure proximately caused the collision.

19. As a direct and proximate result of Defendant Phillips's negligence described herein above, plaintiff suffered grievous injury to his person and has sought and obtained medical, therapeutic, and other health care treatment to remedy the injuries plaintiff sustained in the collision and will in the future require similar medical care, therapeutic and other health care treatment to remedy said injuries and alleviate the pain attendant to said injuries suffered by plaintiff as a result of the collision.

20. The plaintiff continues to endure pain and limitations of motion and activity because of the injuries that plaintiff suffered as a direct result of the collision.

21. As a direct and proximate result of Defendant Phillips's negligence described herein above, the plaintiff was unable to engage in his chosen vocation immediately following the collision. Plaintiff, therefore, incurred a loss of wages due to her inability to work following the collision.

**COUNT III: NEGLIGENCE OF DEFENDANT WMATA**

22. The plaintiff incorporates by this reference paragraphs numbered one (1) through eight (8), inclusive, of this complaint, as though each of said paragraphs were repeated herein in their respective entirety.

23. The collision described in paragraph nine (9) was proximately caused by the negligence of Defendant WMATA, to wit: Defendant WMATA, through its agent, servant or employee, failed to comply with the WMATA, municipal and/or

common-law traffic rules and regulations then and there in effect. Further, plaintiff asserts that no act or omission by the plaintiff contributed to the cause of the collision.

24. As a direct and proximate result of Defendant WMATA's negligence described in paragraphs numbered twenty two (22) and twenty three (23) herein above, plaintiff suffered grievous injury to his person and had sought and obtained medical, therapeutic and other health care treatment to remedy the injuries plaintiff sustained in the collision and will in the future require similar medical care, therapeutic and other health care treatment to remedy said injuries and alleviate the pain attendant to said injuries suffered by the plaintiff as a result of the collision.

25. The plaintiff continues to endure pain and limitations of motion and activity because of the injuries plaintiff suffered as a direct result of the collision.

26. As a direct and proximate result of Defendant WMATA's negligence described herein above, the plaintiff was unable to engage in his chosen vocation immediately following the collision. Plaintiff, therefore, incurred a loss of wages due to his inability to work following the collision.

**COUNT IV - NEGLIGENCE OF DEFENDANT PHILLIPS**

27. The plaintiff incorporates by this reference paragraphs numbered one (1) through eight (8), inclusive, of this complaint, as though each of said paragraphs were repeated herein in their respective entirety.

28. The collision described in paragraph nine (9) was proximately caused by the negligence of Defendant Phillips, to wit: Defendant Phillips failed to comply with

the municipal and/or common-law traffic rules and regulations then and there in effect. Further, plaintiff asserts that no act or omission by the plaintiff contributed to the cause of the collision.

29. As a direct and proximate result of Defendant Phillips' negligence described in paragraphs numbered twenty seven (27) and twenty eight (28) herein above, plaintiff suffered grievous injury to his person and had sought and obtained medical, therapeutic and other health care treatment to remedy the injuries plaintiff sustained in the collision and will in the future require similar medical care, therapeutic and other health care treatment to remedy said injuries and alleviate the pain attendant to said injuries suffered by the plaintiff as a result of the collision.

30. The plaintiff continues to endure pain and limitations of motion and activity because of the injuries plaintiff suffered as a direct result of the collision.

31. As a direct and proximate result of Defendant WMATA's negligence described herein above, the plaintiff was unable to engage in his chosen vocation immediately following the collision. Plaintiff, therefore, incurred a loss of wages due to his inability to work following the collision.

**COUNT VI -- NEGLIGENCE OF DEFENDANT PHILLIPS**

32. The plaintiff incorporates by this reference paragraphs numbered one (1) through nine (9), inclusive, of this complaint, as though each of said paragraphs were repeated herein in their respective entirety.

33. The collision described in paragraph nine (9) was proximately caused by the negligence of Defendant Phillips, to wit: Phillips drove his vehicle at an excessive

rate of speed given the conditions then and there present. Further, the plaintiff asserts that no act or omission by the plaintiff contributed to the cause of the collision.

34. As a direct and proximate result of Defendant Phillips' negligence described in paragraphs numbered thirty two (32) and thirty three (33) herein above, plaintiff suffered grievous injury to her person and had sought and obtained medical, therapeutic and other health care treatment to remedy the injuries plaintiff sustained in the collision and will in the future require similar medical care, therapeutic and other health care treatment to remedy said injuries and alleviate the pain attendant to said injuries suffered by the plaintiff as a result of the collision.

35. The plaintiff continues to endure pain and limitations of motion and activity because of the injuries plaintiff suffered as a direct result of the collision.

36. As a direct and proximate result of Defendant WMATA's negligence described herein above, the plaintiff was unable to engage in her chosen vocation immediately following the collision. Plaintiff, therefore, incurred a loss of wages due to her inability to work following the collision.

WHEREFORE plaintiff demands the following:

A. Judgment against the Defendant WMATA in the amount of one hundred thousand dollars ($100,000.00), plus interest from the date of judgment at the rate described by law, the costs of this action and such other relief as the court may deem fit and proper; and

B.  Judgment against the Defendant Phillips in the amount of one hundred thousand dollars ($100,000.00), plus interest from the date of judgment at the rate described by law, the costs of this action and such other relief as the court may deem fit and proper.

## VERIFICATION

DISTRICT OF COLUMBIA, ss:

Darall Watson, plaintiff, being first sworn, testifies that he has read the attached Complaint and understands its terms and believes that the statements contained in this complaint are true.

Date: 06/27/06    _____
                  Darall Watson

SUBSCRIBED AND SWORN TO before me this 27 day of _____, 2006.

_____
Notary Public or Deputy Clerk

The District of Columbia: ss
subscribed and sworn to before me
this 27 day of _____ 2006
Lisa Renee Johnson
Notary Public, DC
My commission expires 10/14/2006

Respectfully submitted,

_____
Deborah Cason Daniel, Esq. #391928
503 D Street, NW
Suite 200
Washington, DC 20001
Telephone number (202) 737-4466

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

0005001 05

_Plaintiff_

vs.                                                                 Civil Action No. _____

_Defendant_

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

_____
Name of Plaintiff's Attorney

_____                 By _____
Address                                                         Deputy Clerk

_____                 Date   JUN 28 2006
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.





SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DARALL J WATSON
Vs.                                                    C.A. No.      2006 CA 005001 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY et al

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A. TERRELL
Date:  June 28, 2006
Initial Conference: 9:15 am, Friday, October 06, 2006
Location:  Courtroom 219
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc