IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARALL J. WATSON ) | |
| 2806 Pomeroy Road, S.E. ) | |
| Washington, D.C. 20002, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06CV01383-GK |
| ) | |
| WASHINGTON METROPOLITAN AREA ) | |
| TRANSIT AUTHORITY, ) | |
| 600 Fifth Street, N.W. ) | |
| Washington, D.C. 20001, ) | |
| ) | |
| and ) | |
| ) | |
| JOHNNY PHILLIPS ) | |
| 2623 Southern Avenue ) | |
| Apt. 302 ) | |
| Temple Hills, Maryland 20748, ) | |
| ) | |
| Defendants. ) | |

ANSWER OF DEFENDANT WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY TO PLAINTIFF'S COMPLAINT

FIRST DEFENSE

The complaint fails to state a cause of action against Defendant Washington Metropolitan Area Transit Authority (WMATA) upon which relief may be granted.

SECOND DEFENSE

1. Defendant WMATA denies the jurisdictional basis stated in paragraph one of the complaint. WMATA admits that this court has jurisdiction pursuant to D.C. Code § 9-1107.01, subs. 80, 81 (2001).

2-3.    Defendant WMATA lacks knowledge or information sufficient to form a belief regarding the truth of the allegation in paragraphs 2 and 3 of the complaint, and therefore demands strict proof.

4.    Defendant WMATA denies paragraph 4 of the complaint.  WMATA is a governmental, not "quasi-governmental" entity, and an agency and instrumentality of the District of Columbia, Virginia, and Maryland, created as a transit authority by interstate compact between the three mentioned jurisdictions to provide mass transit to the Washington, D.C. metropolitan area.

5-9.    Defendant WMATA lacks knowledge or information sufficient to form a belief regarding the truth of the allegation in paragraph 5 through 9 of the complaint, and therefore demands strict proof.

10.    Defendant WMATA restates its answers to paragraph 1 through 9 in answer to Count I, paragraph 10 of the complaint.

11-15.    Defendant WMATA denies Count I, paragraphs 11 through 15 of the complaint.

16.    Defendant WMATA restates its answers to paragraphs 1-15 in answer to Count II, paragraph 16 of the complaint.

17-21.    Paragraphs 17-21 of Count II of the complaint do not relate to defendant WMATA and therefore require no answer.  To the extent any answer is required, WMATA denies any allegation of negligence against it, lacks knowledge or information sufficient to form a belief regarding the truth of the allegations against

defendant Phillips in paragraphs 17-21, and therefore denies same and demands strict proof.

22.   Defendant WMATA restates its answers to paragraph 1-21 in answer to Count III, paragraph 22 of the complaint.

23-26.   Defendant WMATA again denies the allegations of Count III, paragraphs 23 through 26 of the complaint, previously denied herein.

27.   Defendant WMATA restates its answers to paragraphs 1 through 26 in answer to Count IV, paragraph 27 of the complaint.

28-31.   Count IV, paragraphs 28 through 31, do not relate to defendant WMATA and therefor require no answer. To the extent any answer is required, WMATA denies any allegation of negligence against it, lacks knowledge or information sufficient to form a belief regarding the truth of the allegations against Defendant Phillips in paragraphs 28-31, and denies same and requires strict proof.

32.  Defendant WMATA restates its answers to paragraphs 1 through 31 in answer to Count IV, paragraph 32 of the complaint.

33-36.   Count VI (sic), paragraphs 33 through 36 do not relate to defendant WMATA and therefor require no answer. To the extent any answer is required, WMATA denies any allegation of negligence against it lacks knowledge or information sufficient to form a belief regarding the truth of the allegations  against Defendant Phillips in paragraphs 33 through 36,  and denies same and requires strict proof.

Any allegations of the complaint not herein specifically addressed are hereby denied.

### THIRD DEFENSE

Defendant WMATA reserves the right to assert the defenses that, if the plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were caused by his sole or contributory negligence, and/or assumption of the risk.

### FOURTH DEFENSE

Defendant WMATA reserves the right to assert the defense that, if the plaintiff was injured and damaged as alleged in the complaint, such injuries and damages were caused by the acts, omissions, or negligence of Defendant Phillips or a third party or parties over which WMATA has no control or right of control, if the evidence provides a basis therefor.

### FIFTH DEFENSE

All or part of the plaintiff's claims in the complaint are barred by WMATA's governmental immunities.

### SIXTH DEFENSE

Should discovery provide a basis, WMATA reserves the right to argue that this case is barred by the statute of limitations.

WHEREFORE, having fully answered the complaint, defendant WMATA requests this matter be dismissed and it be awarded the cost of responding to this suit.

        Respectfully submitted,

        WASHINGTON METROPOLITAN AREA
         TRANSIT AUTHORITY

        Carol B. O'Keeffe #445227
        General Counsel

        _____/s/_____
        Mark F. Sullivan #430876
        Deputy General Counsel

        _____/s/_____
        Gerard J. Stief #925933
        Associate General Counsel
        WMATA - COUN
        600 Fifth Street, N.W.
        Washington, D.C.  20001
        (202) 962-1463

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Answer to the Complaint was mailed, postage prepaid, this 4th day of August, 2006, to:

Deborah Cason Daniel
Attorney at Law
503 D Street, N.W.
Suite 200
Washington, DC 20001

and

Johnny Phillips
2623 Southern Avenue
Apartment #302
Temple Hills, MD 20748

                                                      /s/
                                         Gerard J. Stief